## UNITED STATES v. MULKIS et al.
### No. 40673.

District Court, W. D. Washington, N. D.
March 3, 1930.

Anthony Savage, U. S. Dist. Atty., and Cameron Sherwood, Asst. U. S. Dist. Atty., both of Seattle, Wash., for plaintiff.

H. L. Onstad, of Seattle, Wash., for defendants.

BOURQUIN, District Judge.

In a small café, prohibition agents observed defendants pouring libation at the shrine of Bacchus, a drink of whiskey by Mulkis for himself poured from the other's pocket flask containing about one-half pint, a "treat" and not a purchase.

Arrest followed, and on arraignment it is submitted to the court whether Mulkis is guilty of unlawful possession as charged.

The offense, if any, is too trivial to engage the time of the prosecutor and the court, of even that police court which federal courts now largely are. If every petty infraction, mere malum prohibitum, of the rules of conduct, the laws of the land, is prosecuted and punished, few, if any, will escape enrollment in the category of convicts; and who will be left for keepers of jails and penitentiaries? Trivial prosecutions are generally of obscure persons, and avail little save to confirm Cato's famous dictum, to visit ridicule and reproach upon law and courts and impair respect for both, to engender bitterness, resentment, defiance, violations, and ultimate repeal. Even the noble experiment may not withstand too much of the like.

Some 3000 years ago the "wisest man" admonished that "there is a righteous man that perisheth in his righteousness. * * * Be not overmuch righteous. * * * Surely there is not a righteous man upon earth that doeth good and sinneth not."

Although this old rascal may have been impelled to an alibi for his own gross immoralities and idolatries, none the less is wisdom in his philosophy. Multiplying peoples necessarily multiply laws, and none can escape violation of some of them. Hence, the folly of too much righteousness, too much zeal in pursuit of the small offender, while those of magnitude go free.

All sound commentators upon crime and its remedy adhere to this philosophy. In his famous works, Bishop warns that government must "not assume the full corrective functions of the Deity, unless a public good be done;" that trivial and more or less technical offenses better pass unnoticed, and a prosecutor "should decline bringing them to the attention of the court, should decline either to institute or to carry on the prosecution. For if he carries it on, he not only wrongs an individual, but he brings the law itself, and the community which seems thus to sustain it, into disgrace. He wrongs the public."

Of course, Bishop had in mind prosecutors free to exercise that good judgment and sound discretion which are theirs. Certainly he would have been shocked and indignant by district attorneys robbed of these their prerogatives necessary to administration of the law, and by their distant and more or less sensitive, if not nervous, superiors coerced and reduced to appanages of enforcement agencies who dictate what and whom shall or shall not be prosecuted.

Yet this latter is the demoralizing and unhappy state of federal district attorneys today, is the wretched and inefficient status to which administration of the law has been reduced.

That the trivial must be ignored, is vividly illustrated by the Volstead Act (27 US CA). It is a conservative estimate that this law is transgressed a million times a day. The federal courts are clogged with prosecutions based thereon, though in number only 60,000 per year—immeasurably less than one-half of 1 per cent. Tinker the machinery as you will, it cannot be made adequate for all.

Accordingly, until prohibition be more generally accepted, any success in enforcement must be found in the converse of Cato

—a net to hold the big fish, though the little fish pass through. So, invoking the maxim, de minimus non curat lex, the order is, Mulkis dismissed.